UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

PRENTICE COX,

Plaintiff,

-v-

FARCIERT INC. D/B/A CANYON ROAD et al.,

Defendants.

---------------------------------------------------------------------X

26-CV-6956 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

The Court having been advised at ECF No. 14 that all claims asserted herein have been settled in principle, it is ORDERED that the above-entitled action be and is hereby DISMISSED and discontinued without costs, and without prejudice to the right to reopen the action **within sixty days** of the date of this Order if the settlement is not consummated. (The Court notes that the letter at ECF No. 14 was filed by Defendant G.P. Associates, with Plaintiff's consent, and does not expressly address Plaintiff's claims against Defendant Farciert Inc. d/b/a/ Canyon Road. That said, the Court construes the letter to mean that all claims against all parties, including Farciert Inc. d/b/a Canyon Road, have been settled. If that understanding is incorrect, Plaintiff may move to reopen the action **within sixty days**.)

To be clear, any application to reopen **must** be filed **by the aforementioned deadline**; any application to reopen filed thereafter may be denied solely on that basis. **Further, requests to extend the deadline to reopen are unlikely to be granted.**

If the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they **must** submit the agreement to the Court by the deadline to reopen to

be "so ordered" by the Court. Per Paragraph 5.B of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.

Notwithstanding the foregoing, if the settlement in this action requires judicial approval — for example, because it involves a class action, *see* Fed. R. Civ. P. 23(e), "an infant or incompetent person," *see* Local Civil Rule 83.2(a), or claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) — the parties **must** file a letter within **three business days** of the entry of this Order alerting the Court and proposing a schedule for seeking such approval.

Any pending motions are moot. All conferences are canceled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 5, 2026
New York, New York

JESSE M. FURMAN
United States District Judge